UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDALL FRANK,

       Plaintiff,                                 Case No. 12-15043
                                                    Honorable Thomas L. Ludington

v.

EXHIBITION SERVICES, INC.,
BERNARDO ESCAMILLA,

       Defendants.
       _____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE**

James Newsome claimed that he applied for an open position with Exhibition Services, Inc. (ESI), but ESI's owner, Bernardo Escamilla, told him "the job was for younger men" and that Newsome "was too old for the job." Pl.'s Compl. ¶ 11, ECF No. 1. So on November 14, 2012, Newsome filed a complaint against ESI and Escamilla alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and Michigan's Elliot-Larsen Civil Rights Act.

Subsequent to filing the lawsuit, Newsome filed for bankruptcy protection. Accordingly, on March 21, 2013, Randall Frank, the trustee for the bankruptcy estate of James Newsome, was substituted as the named plaintiff in this action. *See* Mar. 21, 2013 Order, ECF No. 11. Trial is set to commence on December 10, 2013.

On October 24, 2013, Frank filed a motion in limine to exclude from trial the Defendants' "Sales by Customer Summaries" pursuant to Federal Rule of Evidence 1006. Specifically, Frank indicates that during discovery, the Defendants produced customer sales summaries. According to Frank, "[t]he purported summaries do not disclose or demonstrate

whether the figures cited reflect merely the value of sale orders placed that month, or cash actually received in each of the respective months." Pl.'s Mot. 2. When one of ESI's owners was questioned about the summaries, and the underlying data, he responded that "the [underlying] data is no longer available because . . . lightening [sic] struck the computer server." *Id.* at 3. While Frank contests this claim as implausible, he argues that no matter what, "defendants have failed to produce the original data which forms the basis of the purported summaries, and they have taken the position that the original data no longer exists. This being the case, the purported summaries are inadmissible at trial pursuant to Fed. R. Evid. 1006." *Id.*

Federal Rule of Evidence 1006 establishes that to use "a summary . . . to prove the contents of voluminous writings," the proponent of the summaries "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006.

> The Sixth Circuit imposes five requirements for the admission of summary evidence:
>
> (1) the underlying documents are so voluminous that they cannot be conveniently examined in court; (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place; (3) the underlying documents must be admissible in evidence; (4) the summary must be accurate and nonprejudicial; and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*Santander Consumer USA, Inc. v. Superior Pontiac Buick GMC, Inc.*, No. 10-13181, 2012 WL 5363553, at *4 (E.D. Mich. Oct. 30, 2012) (citing *United States v. Moon*, 513 F.3d 527, 545 (6th Cir. 2008)). Frank asserts that the Defendants cannot satisfy the second requirement because the original documents are no longer available.

Notably, the Defendants did not deign to respond to Frank's motion. And, George Escamilla, a co-owner of ESI, testified at his deposition that the underlying data is no longer

available because of a lightning strike on the computer server. *See* G. Escamilla Dep. 26–27, *attached as* Pl.'s Mot. Ex. C. Because the underlying documents cannot be assessed by Frank or this Court, any related summary is not admissible at trial.

Accordingly, it is **ORDERED** that Frank's motion in limine to preclude the use of customer sales summaries, ECF No. 14, is **GRANTED**.

Dated: November 26, 2013               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

| PROOF OF SERVICE |
|---|
| The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 26, 2013.<br>　　　　　　　　　s/Tracy A. Jacobs<br>　　　　　　　　　TRACY A. JACOBS |